By the Court.—Dugro, J.
From the complaint, it seems, a recovery is sought by the plaintiff upon an alleged agreement, whereby the defendant,- McGuckin, assumed to pay the plaintiff’s claim; for, after alleging the mutual recission of the Douglas contract, under which the material was furnished, the complaint states that “ thereupon the said Frederick Kirchner was to assume and did assume the completion of said buildings under some arrangement between him and said Henry J. McGuckin ; the said Henry J. McGuckin assuming the payment of the balance due plaintiff of the price or value of the materials so furnished as aforesaid by this plaintiff.”
The cause of action, which the referee found to have been established by the evidence, was not that which is alleged in the complaint.
The action seems to have been tried upon the assumption that it was brought by a lienor to recover for materials furnished to a contractor to whom, at the time of the filing of the notice of lien, there was a sum due by the defendant owner.
If the action is to be treated as though it is such as the case presents, the defendant should have been permitted to show in defence (although not alleged in the answer), that the contractor had not *75 completed the work; the amount of the work uncompleted; the cost of completing the work, and any payments made to the contractor on account of the contract. It seems evidence relevant to this defence was excluded by the referee. Notably is this the case in the exclusion of checks to and receipts from Frederick Kirchner, dated in September, 1886, and the sustaining of objections to the questions “ Did you furnish material for the trim-work of those buildings and if so what ? ” and other questions put to James MacKintosh.
The judgment should be reversed and a new trial ordered, with costs to abide the event.
Tbuax, J., concurred.